UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

SERGIO GARCIA,                                              Civil No. 08-6080 (DWF/SRN)

          Petitioner,

v.                                                                    **REPORT AND RECOMMENDATION**

WRIGHT COUNTY,

          Respondent.

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition is barred by the statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

Petitioner was prosecuted in the state district court for Wright County, Minnesota, on charges stemming from a murder. He pled guilty to second degree murder, and on December 20, 2005, he was sentenced to 252 months in state prison. Petitioner is currently serving his sentence at the Minnesota Correctional Facility in Rush City,

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Minnesota.  (Petition, [Docket No. 1], p 1.)

Petitioner did not file a direct appeal following his conviction and sentencing, and he has never filed any application for post-conviction relief in the Minnesota state courts.  (Id., p. 1, ¶ 8, p. 2, ¶ 10.)

The current habeas corpus petition presents two claims for relief: (1) that the prosecutor and Petitioner's defense counsel entered into a conspiracy to coerce Petitioner into pleading guilty; and (2) that the prosecutor and Petitioner's defense counsel entered into a conspiracy "for a speedy solution without regard to the appropriateness of sentence." (Id., p. 4, ¶ 12.A, 12.B.)

The Court finds, however, that Petitioner's habeas corpus petition was not filed within the one-year statute of limitations period prescribed by federal law.  Therefore, the merits of Petitioner's claims will not be addressed, and the Court will recommend that this action be summarily dismissed.[2]

## II.  DISCUSSION

The Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), which was enacted in 1996, effected several significant changes in the federal habeas corpus statutes.  One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of

---

[2] The Court screened Petitioner's current habeas corpus petition immediately after it was filed, and found that it appeared to be time-barred.  Petitioner was therefore ordered to show cause why this case should not be summarily dismissed due to untimeliness. (Order dated November 19, 2008; [Docket No. 3].)  Petitioner was expressly advised that if he did not file a timely response to that order, the Court would recommend that this action be dismissed with prejudice.  The deadline for responding to the Court's prior order expired more than a month ago, and Petitioner has failed to submit any response.  For this reason alone, it would be appropriate to dismiss this action at this time, without further discussion. However, the Court has nevertheless fully considered the timeliness of this action, and finds that it is time-barred for the reasons discussed hereafter.

limitations for habeas corpus petitions filed by state prisoners seeking federal court review

of a conviction or sentence.  This new statute provides that:

> "**(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)**  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B),

(C) or (D) of § 2244(d)(1) could be applicable.  In other words, there is no indication that

the state created any impediment that prevented Petitioner from seeking federal habeas

relief within the prescribed one-year limitation period; nor is there any indication that

Petitioner's claims are based on any newly-recognized and retroactively applicable

constitutional right, or any new evidence that could not have been discovered soon enough

to file a timely petition.  Thus, the one-year statute of limitations began to run in this case,

pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the

conclusion of direct review or the expiration of the time for seeking such review."

3

Petitioner is challenging a judgment entered against him on December 20, 2005. (Petition, p. 1. ¶ 2.)  Because he did not pursue a direct appeal, that judgment became final, for statute of limitation purposes, upon "the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).   According to the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases...." Rule 28.02, subd. 4(3).  Thus, the deadline for seeking direct appellate review of Petitioner's conviction and sentence was March 20, 2006 – 90 days after the judgment was entered.   The deadline for seeking federal habeas corpus relief expired one year later, on March 20, 2007.  Petitioner did not file his current petition, however, until November 18, 2008, which was more than a year and a half after the limitations period had expired.  It is therefore readily apparent that the instant petition is time-barred, unless the statute of limitations was somehow tolled.

The tolling provisions of 28 U.S.C. § 2244(d)(2) obviously cannot help Petitioner, because he has never applied for any post-conviction relief in the state courts.  (Petition, p. 2. ¶ 10.)  The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred.  See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003).  However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction."  Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added).  "'[A]ny invocation of equity to relieve the strict application of a

4

statute of limitations must be <u>guarded and infrequent</u>, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" <u>Id</u>. at 806, (quoting <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. <u>Kreutzer v. Bowersox</u>, 231 F.3d 460, 463 (8th Cir. 2000), <u>cert</u>. <u>denied</u>, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.

In this case, Petitioner has not identified any extraordinary and wholly external circumstances that prevented him from seeking federal habeas corpus relief in a timely manner. He has suggested (quite vaguely) that his attorney should have helped him seek appellate review of his conviction and sentence – even though he pled guilty. (Petition, p. 5, ¶ 13.) This assertion cannot warrant equitable tolling, because ineffective assistance of counsel is not normally considered to be an "extraordinary" and "wholly external" circumstance that can justify equitable tolling. <u>See</u> <u>Beery v. Ault</u>, 312 F.3d 948, 951 (8th Cir. 2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"), <u>cert</u> <u>denied</u>, 539 U.S. 933 (2003). Thus, the Court finds that the doctrine of equitable tolling cannot be applied in this case.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that this action is time-barred by 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that this case be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Moreover, because Petitioner is no longer eligible for federal

habeas corpus relief, it is recommended that this action be dismissed with prejudice.[3]

Having determined that this action must be summarily dismissed pursuant to the applicable statute of limitations, the Court will also recommend that Petitioner's pending application to proceed in forma pauperis, (IFP), be summarily denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2.  Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

3.  This action be DISMISSED WITH PREJUDICE.

Dated:   January 27, 2009

 s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

---

[3] The Court notes that Petitioner's current claims for relief apparently have not been presented to any Minnesota state court, which means that even if the instant petition were not time-barred, it would have to be dismissed based on Petitioner's failure to exhaust his state court remedies.  See 28 U.S.C. § 2254(c); O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) ("[c]omity... dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief").  However, the instant case will not be dismissed for non-exhaustion, because that might suggest that Petitioner could return to federal court after exhausting his state court remedies.  In this case, even if Petitioner were to exhaust his state court remedies, he could not return to federal court with a new habeas petition, because his claims would still be barred by the statute of limitations.  For this reason, it is recommended that the action be dismissed with prejudice.

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 11, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.